UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHUCK YEAGER, INC., | No. 2:25-cv-00614-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES POST OFFICE, | |
| Defendant. | |

Plaintiff General Chuck Yeager, Inc. ("Plaintiff") is proceeding pro se in this action,[1] which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Defendant's motion to dismiss (ECF No. 6) and Victoria Yeager's ("Yeager") motion to intervene (ECF Nos. 8 & 10) on behalf of Plaintiff remain pending. The motion to dismiss was submitted on the briefs (ECF No. 7) and the motion to intervene was not noticed for hearing. The Court will grant the motion to intervene and set a further schedule for any opposition to the motion to dismiss.

---

[1] A corporation cannot appear in federal court pro se. *See In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Here, the action was filed pro se in a small claims state court and then removed to this Court by Defendant.

1

## I.     Procedural History and Background

Plaintiff originally filed this action as a small claims case in Yuba County Superior Court on January 9, 2025. ECF No. 1-1 at 2. The complaint seeks $12,500 in damages and alleges that Defendant "damaged and stole" various items, including coins and books. *Id*. at 3. Plaintiff alleges Defendant will not honor the insurance taken out on the packages. *Id*. Defendant removed the action to this court on the basis of 28 U.S.C. § 1442(a)(1) because it is a federal agency.

On April 28, 2025, Defendant filed a motion to dismiss. ECF No. 6. Plaintiff did not file an opposition, and on June 4, 2025, the Court ordered the motion submitted. ECF No. 7. Thereafter, on June 11, 2025, Yeager filed a motion to intervene. ECF No. 8. Defendant filed an opposition, and Yeager then filed a corrected motion to intervene. ECF No. 10.

## II.    Yeager's Motion to Intervene (ECF Nos. 8 &10)

Yeager moves to intervene on behalf of Plaintiff and argues that she cannot represent Plaintiff as she would have in small claims court had the action not been removed, because Plaintiff as a corporation cannot appear pro se. ECF No. 8 at 2. Yeager requests she be allowed to intervene or substitute for Plaintiff as she claims a "significant financial interest in the property" at issue, or in the alternative she seeks until July 29, 2025 to oppose the motion to dismiss. *Id.* at 1-2.[2] Yeager filed a declaration stating that the parties were in settlement discussions when Defendant unexpectedly filed the motion to dismiss.

Defendant opposes the motion to intervene and argues the Court lacks subject matter jurisdiction, and would lack jurisdiction even if Yeager were allowed to intervene. ECF No. 9 at 1. Defendant also disputes the characterization of discussions between the parties as "settlement" discussions. *Id.* at n.1. Defendant argues that Yeager "provides not factual or legal support" for her request to intervene. *Id.* at 2. Defendant's short brief contains no legal authority demonstrating that the request for intervention should be denied.

---

[2] This "alternative" request for more time is unclear because it seeks time for the "Intervenor-Plaintiff" to oppose the motion.

2

Federal Rule of Civil Procedure 24 provides that upon timely motion, the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Intervention may be sought as of right under Rule 24(a), or permissive under Rule 24(b). Fed. R. Civ. P. 24(a) & (b). The district court's decision to grant permissive intervention is reviewed for abuse of discretion. *Novalpina Capital Partners v. Read*, 149 F.4th 1092, 1100 (9th Cir. 2025). "A district court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." *Id.* citing Fed. R. Civ. P. 24(b)(1)(B).

Contrary to Defendant's assertion, Yeager did provide a factual basis for intervention. She submitted a declaration that states she is the CEO of Plaintiff and that she is a "joint owner" of the property at issue in the case. ECF No. 8 at pages 8-10; ¶¶ 5, 21, 26. The Court does not find, and Defendant has not argued, that Plaintiff's motion is brought solely to circumvent the rule that a corporation must appear through counsel. *See United States v. High Country Broadcasting Co.*, 3 F.3d 1244 (9th Cir. 1993) (affirming district court's denial of motion to intervene by plaintiff corporation's president finding the motion "was nothing more than an end run around" the requirement that the corporation appear through counsel).

As to Defendant's assertion that the Court should not grant intervention because there is not jurisdiction, the Court has jurisdiction to determine its jurisdiction. *See Allen v. Meyer*, 755 F.3d 866, 867 (9th Cir. 2014) ("We also have jurisdiction to determine whether we have jurisdiction."). Here, the motion to dismiss argues there is no jurisdiction, but no opposition has been filed and Yeager seeks to intervene and have additional time to file an opposition. The Court will grant the motion to intervene and Yeager's request for additional time to file an opposition to the motion to dismiss.

////

### III.  Conclusion

IT IS HEREBY ORDERED:

1. Yeager's motion to intervene (ECF Nos. 8 & 10) is GRANTED.
2. Yeager shall file an opposition to the motion to dismiss within 21 days of the date of this Order.  Any reply shall be filed within 10 days of the filing of the opposition.

SO ORDERED.

DATED: October 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE