UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHUCK YEAGER, INC., | No. 2:25-cv-00614-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES POST OFFICE, | |
| Defendant. | |

Plaintiff General Chuck Yeager, Inc. is proceeding pro se in this action,[1] which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Victoria Yeager ("Yeager") was granted leave to intervene as a plaintiff in this matter, and is also proceeding pro se, but has filed nothing since being granted permission to intervene. Defendant filed a motion to dismiss (ECF No. 6), which is unopposed. The motion to dismiss was submitted on the briefs (ECF No. 7) and the Court now recommends the motion be granted.

**I.    Procedural History and Background**

General Chuck Yeager, Inc. originally filed this action as a small claims case in Yuba

---

[1] A corporation cannot appear in federal court pro se. *See In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Here, the action was filed pro se in state small claims court and then removed to this Court by Defendant.

1

1  County Superior Court on January 9, 2025.  ECF No. 1-1 at 2.  The complaint seeks $12,500 in
2  damages and alleges that Defendant "damaged and stole" various items including coins and
3  books.  *Id*. at 3.  General Chuck Yeager, Inc. alleges Defendant will not honor the insurance taken
4  out on the packages.  *Id*.  Defendant removed the action to this Court under 28 U.S.C. §
5  1442(a)(1) because it is a federal agency.
6       On April 28, 2025, Defendant filed a motion to dismiss.  ECF No. 6.  General Chuck
7  Yeager, Inc. did not file an opposition, and on June 4, 2025, the Court order the motion
8  submitted.  ECF No. 7.  Thereafter, on June 11, 2025, Yeager filed a motion to intervene.  ECF
9  No. 8.  The Court granted the motion to intervene on October 24, 2025.  ECF No. 11.  The order
10 allowing Yeager to intervene as a plaintiff provided that any opposition to the motion to dismiss
11 must be filed within 21 days of the date of the order.  The opposition was thus due by November
12 14, 2025.  No opposition was filed.

13      **II.    Defendant's Motion to Dismiss (ECF No. 6)**

14      Defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction and
15 seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 6 at 1.  On a Rule
16 12(b)(1) motion, the defendant may "rely on affidavits or any other evidence properly before the
17 court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  "It then becomes necessary
18 for the party opposing the motion to present affidavits or any other evidence necessary to satisfy
19 its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id*.
20 Defendant advances three arguments in support of dismissal: 1) Defendant has not waived
21 sovereign immunity for claims related to the transmission of mail; 2) the complaint is barred by
22 the derivative-jurisdiction doctrine; and 3) Plaintiff did not exhaust administrative remedies under
23 the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  ECF No. 6-1 at 3-6.
24      Plaintiff General Chuck Yeager, Inc. has not filed an opposition to the motion, and
25 Plaintiff-Intervenor Yeager was granted additional time to file an opposition, but has not done so.
26 Pursuant to Local Rule 230(c): "A failure to file a timely opposition may also be construed by the
27 Court as a non-opposition to the motion."  The Court finds Defendant's arguments concerning
28 ////

1  sovereign immunity and the FTCA have merit, and will not address the derivative-jurisdiction
2  argument.
3      As Defendant notes, the FTCA waives the United States' sovereign immunity for "tort
4  claims arising out of activities of the Postal Service." ECF 6-1 at 3 (quoting *Dolan v. United*
5  *States Postal Serv.,* 546 U.S. 481, 484 (2006) (citations omitted)).  Indeed, the FTCA "generally
6  waives the United States' sovereign immunity with respect to claims for money damages arising
7  out of loss of property resulting from federal employee misconduct." *Georgacarakos v. United*
8  *States*, 420 F.3d 1185, 1186 (10th Cir. 2005).  However, this waiver of immunity does not apply
9  to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal
10 matter." 28 U.S.C. § 2680(b).  Here, Plaintiffs allege that Defendant "damaged and stole" various
11 items, including "coins, elk, books" and that Defendant "won't honor the insurance taken out on
12 the items." ECF No. 1-1 at 3.  As part of the damages, Plaintiffs seek to recover the cost of
13 shipping. *Id*. at 4.  In Yeager's declaration, she states that she mailed the packages, but that they
14 "never arrived" and were "stolen." ECF No. 8 at 3.
15 Because the FTCA's waiver of sovereign immunity does not apply to the injury claimed by
16 Plaintiffs, their action against Defendant is precluded.  In *Georgacarakos*, the plaintiff
17 complained that books and a manuscript has been lost in the mail.  The Tenth Circuit found that
18 once mailed, the books and manuscript became "postal matter" within the meaning of § 2680(b).
19 *Id*. at 1186.  Thus, the court found the claim barred by sovereign immunity. *Id*. at 1188.
20 Similarly, in *Anderson v. U.S. Postal Service*, 761 F.2d 527 (9th Cir. 1985), the plaintiff brought a
21 claim alleging that the postal service had negligently allowed original music compositions that he
22 had mailed to be stolen.  The Ninth Circuit recognized that the FTCA grants a waiver of
23 sovereign immunity, but that under § 2680(b) "the United States retains sovereign immunity for
24 tort claims against it for 'loss, miscarriage, or negligent transmission' of the mails." *Id*. at 528.
25 Therefore, the Ninth Circuit concluded that plaintiff's "tort claim against the Postal Service for
26 loss of his package during the robbery was barred by sovereign immunity and the district court
27 properly dismissed it." *Id*.  Having filed no opposition, Plaintiffs offer no argument against the
28 authorities cited by Defendant, such as *Georgacarakos* and *Anderson*.  As Plaintiff's claim arises

3

out of the loss of packages through the mail, the undersigned finds that it is appropriate to grant the motion based on § 2680(b) and sovereign immunity.

Even if § 2680(b) did not apply, and the waiver of sovereign immunity contained in section 1346(b) was applicable, Plaintiffs have not alleged that administrative remedies were exhausted as required by the FTCA. On the small claims document General Chuck Yeager, Inc. filed in state court, it indicated it was suing a public entity, but did not mark the box stating it had filed a claim with the entity or include a date that such was filed. ECF No. 1-1 at 4.

An FTCA claim requires exhaustion of administrative remedies. *See* 28 U.S.C. § 2675(a); *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L. by and through Junio*, 858 F.3d at 1244. The FTCA's exhaustion requirement is "jurisdictional and may not be waived." *Id*. Here, the complaint does not allege that administrative remedies were exhausted, and in fact the complaint indicates that no administrative claim was even submitted. There is thus no jurisdiction over any FTCA claims. For this reason also, the undersigned recommends the motion to dismiss be granted.

### III.     Conclusion

General Chuck Yeager, Inc., a corporation, originally filed this action pro se in small claims court. Defendant removed the action to this Court and filed a motion to dismiss. No counsel has appeared on behalf of General Chuck Yeager, Inc., and no opposition to the motion to dismiss has been filed. Yeager was granted leave to intervene, and granted additional time to oppose the motion, but did not do so. The case should be dismissed without prejudice for lack of subject matter jurisdiction. *See Missouri ex rel Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

Accordingly, and for the reasons set forth herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss (ECF No. 6) be GRANTED;
2. The Clerk be directed to enter Judgment and close this file.

4

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen days after being served** with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE