UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHUCK YEAGER, INC., | No. 2:25-cv-00614-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES POST OFFICE, | |
| Defendant. | |

Victoria Yeager ("Yeager") is proceeding in this action pro se as a Plaintiff-Intervenor. This matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court are Yeager's motion to e-file (ECF No. 13) and motion for extension of time (ECF No. 14). Defendant has filed a notice of vexatious litigant (ECF No. 16) and contends that Yeager's filings should be disregarded. The Court now denies the motion to e-file and grants the motion for extension of time.

**I.    Procedural History and Background**

Plaintiff General Chuck Yeager, Inc. ("Plaintiff GCYI") originally filed this action as a small claims case in Yuba County Superior Court on January 9, 2025. ECF No. 1-1 at 2. The complaint seeks $12,500 in damages and alleges that Defendant "damaged and stole" various items including coins and books. *Id*. at 3. Plaintiff GCYI alleges Defendant will not honor the insurance taken out on the packages. *Id*. Defendant removed the action to this court on the basis of 28 U.S.C. § 1442(a)(1) because it is a federal agency.

1

On April 28, 2025, Defendant filed a motion to dismiss. ECF No. 6. Plaintiff GCYI did not file an opposition, and on June 4, 2025, the Court ordered the motion submitted. ECF No. 7. On June 11, 2025, Yeager then filed a motion to intervene. ECF No. 8. Defendant filed an opposition, and Yeager then filed a corrected motion to intervene. ECF No. 10.

On October 24, 2025, the Court granted Yeager leave to intervene and allowed Yeager 21 days to oppose the motion to dismiss. ECF No. 11. Yeager did not timely oppose the motion, and on December 1, 2025, the Court issued Findings and Recommendations ("F&R") (ECF No. 12) which recommended the motion be granted and the action dismissed. On December 16, 2025, Yeager filed a motion to e-file and a motion for extension of time/objection to the F&R. On December 19, 2025, Defendant filed a notice informing the Court that Yeager had been declared a vexatious litigant in another case in this District.

## II.     Notice of Vexatious Litigant (ECF No. 16)

The Court will first address the Notice as it may impact how the Court exercises its discretion in addressing the other pending motions. Defendant states that Yeager was declared a vexatious litigant in *AT&T Mobility LLC v. Yeager*, No. 2:13-00007-KJM-DB, 2018 WL 1576036 (E.D. Cal. March 30, 2018). Defendant argues that Yeager was thus required to comply with the pre-filing review order entered in that case. ECF No. 16 at 1. Defendant argues that because Yeager failed to do so, the Court "should disregard Yeager's filings to date and dismiss her complaint." *Id*. at 2.

Defendant has not demonstrated that Yeager violated the pre-filing review order. First, Yeager did not file the action in this Court. Rather, it was removed from small claims court by Defendant. *See* ECF No. 1, Notice of Removal. Additionally, although Judge Mueller found that "broad pre-filing restrictions are necessary to prevent Mrs. Yeager form unnecessarily taxing the resources of this district," those restrictions are not unlimited. ECF No. 383 at 6 in Case No. 13-00007. Rather, the pre-filing order provided that Yeager must seek leave of court before initiating an action pro se in this District "if the action substantially overlaps with any claim, motion or request she has filed in this interpleader action or in any of [4 prior cases listed in the order]." *Id*.; see also ECF No. 384, Pre-Filing Review Order. Defendant has not demonstrated that the claims

1  in this action substantially overlap with those prior cases.

2  Although the Court does not find that the vexatious litigant determination in the prior action
3  requires striking Yeager's filings, the Court is mindful that Judge Mueller found that Yeager, while
4  proceeding pro se, had "repeatedly" made filings that were "either unmeritorious or the cause of
5  unnecessary delay." ECF No. 375 at 3 in Case No. 13-00007. Yeager was also determined to be a
6  vexatious litigant in prior state court proceedings. *Id.* Judge Mueller also found some of Yeager's
7  filings to be "frivolous." *Id*. at 5. The Court cautions Yeager not to engage in similar conduct in
8  the instant action. With that said, the Court will now proceed to address the pending motions.

9  **III.     Motion to E-file (ECF No. 13)**

10  Plaintiff's motion states only in conclusory fashion that she is capable of e-filing and
11  receiving service by email, and that email notification will create a "smaller chance of missing
12  something especially crucial." ECF No. 13 at 2. The Court's local rules provide that "any person
13  appearing pro se may not utilize electronic filing except with the permission of the assigned Judge
14  or Magistrate Judge". LR 133(b)(2). This Court's local rule recognizes, as do similar local rules
15  in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro
16  se litigants attempt to use e-filing. *See*, *e.g.*, *Baker v. IC Sys., Inc*., No. CV-08-8091-PCT-DGC,
17  2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's
18  policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office
19  can insure that the documents are properly filed").

20  The Court does not find good cause for deviating from Local Rule 133(b)(2). The Court
21  will however order the Clerk of the Court to configure ECF so that Yeager receives email
22  notifications of electronic filings at the email address listed in the motion:
23  editor@chuckyeager.com.

24  **IV.     Motion for Extension of Time (ECF No. 14)**

25  Yeager contends that she did not file a timely response because she did not receive the final
26  page of the Court's October 24, 2025 order, and thus did not know how much time she had to
27  respond. ECF No. 14 at 1-2. Yeager also states she was out of the country for 35 days, and that
28  she was briefly hospitalized. *Id*. at 2. Yeager contends that if given a chance to oppose the motion

she will explain why leave to amend should be granted, "such as she did exhaust all administrative remedies and then some." *Id*. at 3. Yeager further states that there is a pending United States Supreme Court case which could impact this action, *United States Postal Service v. Konan*. *Id*. at 4.

Whether to grant an extension of time under Fed. R. Civ. P. 6 is a matter within the district court's discretion. *See Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1258 (9th Cir. 2010). Rule 6 "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Id*. at 1258-59 (citation and quotation omitted). The case that Yeager references, *United States Postal Service v. Konan*, Case No. 24-351, was argued before the Supreme Court on October 8, 2025. The question presented in that case involves interpretation of 28 U.S.C. § 2680(b).[1] Thus, allowing Plaintiff an extension of time to oppose the motion and brief the anticipated relevance of *Konan* and explain what additional facts she could allege that are relevant to exhaustion of administrative remedies, would be in the interest of determining this case on the merits of the legal issues involved.

The Court will grant the motion for extension of time. Yeager is cautioned that pro se litigants are subject to the same procedural requirements as other litigants. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Yeager is expected to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Future failure to comply with the Local Rules or orders of the Court may result in the imposition of sanctions, up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

The Court will allow Yeager until January 12, 2026 to oppose the motion to dismiss. The Court will not at this time vacate its F&R (ECF No. 12). If Yeager fails to oppose the motion by the deadline, the F&R will be sent to Judge Calabretta for review, and Yeager's objections as contained in ECF No. 14 will be considered. If Yeager does file an opposition, Defendant shall be allowed a reply. Yeager's opposition should address what additional facts she could allege that are

---

[1] The full question presented if available on the Supreme Court's website at: www.supremecourt.gov/qp/24-00351qp.pdf

relevant to exhaustion of administrative remedies and to the issue before the Supreme Court in *Konan* concerning intentional conduct.  In the opposition and reply briefs, the parties should also address whether they believe this matter should be stayed pending decision by the Supreme Court in *Konan*.

**V.      Conclusion**

IT IS HEREBY ORDERED:

1. Yeager's motion to e-file (ECF No. 13) is DENIED.  However, the Clerk of the Court shall configure ECF so that Yeager may receive ECF notifications in this case at her email address: editor@chuckyeager.com

2.  Yeager's motion for extension of time (ECF No. 14) is GRANTED.  Yeager is allowed until January 12, 2026, to file an opposition to the motion to dismiss.  Any reply brief by Defendant shall be filed within 14 days of the filing of the opposition.  The parties' briefs shall address, at minimum, the issues set forth in Section IV of this order.

SO ORDERED.

DATED: December 22, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE