UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENERAL CHUCK YEAGER, INC.,

Plaintiff,

v.

UNITED STATES POST OFFICE,

Defendant.

No.  2:25-cv-00614-DJC-SCR

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff General Chuck Yeager, Inc. ("GCYI") and intervenor Plaintiff Victoria Yeager ("Yeager") are proceeding pro se in this action,[1] which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Defendant filed a motion to dismiss (ECF No. 6), which was submitted on the briefs (ECF No. 7).  On December 1, 2025, the Court issued findings and recommendations recommending that the motion to dismiss be granted.  ECF No. 12.  The Court thereafter allowed Yeager to file an untimely opposition.  ECF No. 19.  Defendant filed a reply.  ECF No. 23.  The Court now again recommends the motion to dismiss be granted.

**I.     Procedural History and Background**

GCYI originally filed this action as a small claims case in Yuba County Superior Court on January 9, 2025.  ECF No. 1-1 at 2.  The complaint seeks $12,500 in damages and alleges that

---

[1]  A corporation cannot appear in federal court pro se.  See *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").  Here, the action was filed pro se in small claims court and then removed to this Court by Defendant.

1

Defendant U.S. Post Office "damaged and stole" various items, including coins and books from packages that were mailed. *Id*. at 3. GCYI alleges Defendant will not honor the insurance taken out on the packages. *Id*. As a federal agency, Defendant removed the action to this court on the basis of 28 U.S.C. § 1442(a)(1).

On April 28, 2025, Defendant filed a motion to dismiss. ECF No. 6. GCYI did not file an opposition. On June 4, 2025, the Court ordered the motion submitted. ECF No. 7. Thereafter, on June 11, 2025, Yeager filed a motion to intervene. ECF No. 8. The Court granted the motion to intervene on October 24, 2025. ECF No. 11. The Order provided that any opposition to the motion to dismiss must be filed within 21 days of the date of the order. The opposition was thus due by November 14, 2025. Yeager did not file a timely opposition.

On December 1, 2025, the Court issued findings and recommendations ("F&R") that recommended dismissing the action on several grounds: 1) failure to oppose the motion; 2) sovereign immunity; and 3) failure to exhaust administrative remedies. ECF No. 12. Thereafter, Yeager filed objections to the F&R and a request for extension of time to oppose the motion to dismiss. ECF No. 14. In her objections, Yeager noted that the United States Supreme Court had before it the case of *United States Postal Service v. Konan*, which could be relevant to the disposition of this case. *Id*. at 4. The Court granted the motion for extension of time and allowed Yeager until January 12, 2026, to file an opposition. ECF No. 18. Defendant filed a reply brief on January 23, 2026. ECF No. 23. The Supreme Court issued its decision in *United States Postal Service v. Konan*, 146 S.Ct. 736 (2026), which is discussed below, on February 24, 2026.

**II.     Defendant's Motion to Dismiss (ECF No. 6)**

Defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 6 at 1. On a Rule 12(b)(1) motion, the defendant may "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id*. Defendant advances three arguments in support of dismissal: 1) Defendant has not waived

2

sovereign immunity for claims related to the transmission of mail; 2) the complaint is barred by the derivative-jurisdiction doctrine; and 3) Plaintiff did not exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  ECF No. 6-1 at 3-6.

Yeager's opposition contends that she did exhaust administrative procedures, and argues that Defendant has waived sovereign immunity.  Yeager further argues that Defendant's derivative jurisdiction argument is a procedural bar, not an issue of subject matter jurisdiction, and that the Court should find it waived.  ECF No. 19 at 5.  Yeager also makes various arguments concerning waiver and consent to sue based on Defendant allegedly offering $5,000 to settle the matter.  *Id*. at 4-5, 16-17.  In Reply, counsel for Defendant states that she spoke with Yeager only one time during the litigation, and that settlement was never discussed.  ECF No. 23-1.  Defendant also submits the Declaration of Kimberly Herbst, "Manager, Tort Program and Adjudication with the United States Postal Service National Tort Center," which states that Herbst searched the internal records database and found no record of Yeager or General Chuck Yeager, Inc., submitting an administrative tort claim.  ECF No. 23-3.

The Court finds the issue of sovereign immunity to be dispositive, and does not reach the derivative jurisdiction argument.  As Defendant sets forth, the FTCA contains a waiver of sovereign immunity for "tort claims arising out of activities of the Postal Service." *Dolan v. United States Postal Serv.,* 546 U.S. 481, 484 (2006) (citations omitted).  ECF 6-1 at 3.  However, this waiver of immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Here, GCYI alleges that Defendant "damaged and stole" various items, including "coins, elk, books" and that Defendant "won't honor the insurance taken out on the items."  ECF No. 1-1 at 3.  As part of the damages, GCYI seeks to recover the cost of shipping.  *Id*. at 4.  In Yeager's declaration, she states that she mailed the packages, but that they "never arrived" and were "stolen."  ECF No. 8 at 3.

"The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), generally waives the United States' sovereign immunity with respect to claims for money damages arising out of loss of property resulting from federal employee misconduct." *Georgacarakos v. United States*, 420

3

F.3d 1185, 1186 (10th Cir. 2005).  However, this waiver of immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* citing 28 U.S.C. § 2680(b).  In *Georgacarakos*, the plaintiff complained that books and a manuscript has been lost in the mail.  The Tenth Circuit found that once mailed, the books and manuscript became "postal matter" within the meaning of § 2680(b).  *Id*. at 1186.   Thus, the court found the claim barred by sovereign immunity.  *Id*. at 1188.

In *Anderson v. U.S. Postal Service*, 761 F.2d 527 (9th Cir. 1985), the plaintiff brought a claim alleging that the postal service had negligently allowed original music compositions that he had mailed to be stolen.  The Ninth Circuit recognized that the FTCA grants a waiver of sovereign immunity, but that under § 2680(b) "the United States retains sovereign immunity for tort claims against it for 'loss, miscarriage, or negligent transmission' of the mails."  *Id*. at 528.  Therefore, the Ninth Circuit concluded that plaintiff's "tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it."  *Id*.

GCYI alleges the three packages were mailed and that GCYI paid for insurance on the items.  ECF No. 1-1 at 3.  The complaint alleges Defendant "damaged and stole" items from the packages.  *Id.* at 2.  Yeager contends in a Declaration that she "mailed and insured" the packages.  ECF No. 19 at 13.  Yeager claims the packages were stolen, damaged, or "never arrived."  ECF No. 8 at 3.  Yeager offers no argument about the *Georgacarakos* and *Anderson* cases, which were cited by Defendant.  Instead, Yeager argued this matter should be stayed pending decision by the Supreme Court in *Konan*.  As the claim arises out of the "loss, miscarriage, or negligent transmission" of packages through the mail, the Court finds that it is appropriate to grant the motion based on § 2680(b) and sovereign immunity.

In *Konan*, the Supreme Court explained that although the FTCA waived sovereign immunity for certain tort suits based on the conduct of Government employees, "Congress retained sovereign immunity for a wide range of claims about mail."  146 S.Ct. at 740.  "Specifically, the FTCA's postal exception retains sovereign immunity for all claims 'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'"  *Id*., citing 28

U.S.C. § 2680(b).  The Court then held that the postal exception applies to situations where postal workers intentionally fail to deliver the mail.  *Id*.  Thus, whether the packages at issue here were lost, or intentionally not delivered (stolen), the postal exception would still apply.

Defendant also moves to dismiss the action based on the argument that GCYI had not alleged that administrative remedies were exhausted as required by the FTCA.  On the small claims document GCYI filed in state court, GCYI indicated it was suing a public entity, but did not mark the box stating it had filed a claim with the entity or include a date that such was filed.  ECF No. 1-1 at 4.

An FTCA claim in federal court requires exhaustion of administrative remedies.  *See* 28 U.S.C. § 2675(a); *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).  "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L. by and through Junio*, 858 F.3d at 1244.  The FTCA's exhaustion requirement is "jurisdictional and may not be waived." *Id*.  Under Rule 12(b)(1) a "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Here, Defendant's challenge was a facial attack.  The complaint does not allege that administrative remedies were exhausted, and in fact the complaint indicates that no administrative claim was even submitted.  As discussed in the prior F&R (ECF No. 12 at 4), Defendant raised a successful facial attack.  However, in the belated opposition, Yeager now contends that she did exhaust administrative remedies.  Yeager submitted a declaration which states that she "tried to submit the claim at the post office" and the Postmaster "refused to process the claim." ECF No. 19 at 13, ¶ 3.  Yeager then states she later submitted a "claim form" at another post office. *Id.* at ¶ 4.  Then on "other occasions" Yeager states she "tried to make a claim" and it was refused. *Id*. at ¶ 5.  Defendant in reply counters Yeager's declaration with the Herbst declaration which states

that Herbst searched the internal records database and found no record of Yeager or General Chuck Yeager, Inc., submitting an administrative tort claim.  ECF No. 23-3.

In resolving a factual attack on subject matter jurisdiction, the Court may consider matters beyond the pleadings.  However, having considered the Supreme Court's discussion in *Konan*, it is clear that Defendant's first argument of sovereign immunity is dispositive.  Because Defendant has not waived sovereign immunity and Plaintiff's claims are covered by the postal exception in § 2680(b), it is unnecessary for the Court to resolve the parties' factual dispute concerning exhaustion of administrative remedies.  The Court recommends the motion to dismiss be granted.

### III.    Conclusion

GCYI, a corporation, originally filed this action pro se in small claims court.  Defendant removed the action to this Court and filed a motion to dismiss.  No counsel has appeared on behalf of GCYI, and GCYI did not oppose the motion.  Yeager was granted leave to intervene, and has filed an opposition.  The Court finds Defendant has not waived sovereign immunity and that Plaintiff's claims are covered by the postal exception in § 2680.  "Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction."  *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004) (citation omitted).  The Court recommends the motion be granted and the action dismissed for lack of subject matter jurisdiction, and such dismissal shall be without prejudice.  *See Missouri ex rel Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

Accordingly, and for the reasons set forth herein,

**IT IS ORDERED** that the previously issued Findings and Recommendations (ECF No. 12) are VACATED.  The Court has now considered the subsequently filed opposition and reply, and the Supreme Court's *Konan* decision.

**IT IS HEREBY RECOMMENDED** that:

1.  Defendant's motion to dismiss (ECF No. 6) be GRANTED;

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen days**

6

**after being served** with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE